UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN R. HESS; et al.<br><br>               Plaintiffs,<br>   v.<br>RAMONA UNIFIED SCHOOL DISTRICT; et al.,<br><br>               Defendants. | CASE NO: 07-CV-0049 W (CAB)<br><br>**ORDER GRANTING IN-PART AND DENYING IN-PART EX PARTE MOTION FOR ENFORCEMENT OF PRELIMINARY INJUNCTION AND FOR CONTEMPT** |

     Pending before the Court is Plaintiffs' ex parte motion for enforcement of the preliminary injunction and for contempt against certain Defendants. The motion is based on the grounds that Defendant Ramona Unified School District (the "District") has not complied with the Court's September 19, 2007 order requiring the District to build a girls' softball field that is of the same quality and with all of the same amenities as the boys' baseball field. For the reasons addressed below, the Court **GRANTS IN-PART AND DENIES IN-PART** Plaintiffs' motion.

     The parties are well aware of the factual background, and thus it is not necessary to repeat it here. It is sufficient to note that the litigation arises from the District's 30-year practice of providing two on-campus baseball fields for the boys' varsity and junior varsity/freshman teams, while the girls' softball teams were routinely shuffled around various off-campus locations to practice and play their "home" games.

As a result of the District's practice, Plaintiffs filed this lawsuit and sought a preliminary injunction. On August 20, 2007, the Court granted the motion and ordered the parties, with the assistance of Magistrate Judge Cathy Ann Bencivengo, to make a good faith effort to agree upon the precise form of relief to be granted. Unable to agree, on September 13, 2007, Judge Bencivengo issued a Recommendation Regarding Implementation of Injunctive Relief ("Recommendation"), recommending that the District build a new dedicated softball field over the boys' JV/freshman baseball field, oriented in the same direction as the varsity baseball field.

The District objected to Judge Bencivengo's Recommendation, urging instead that it be allowed to construct a "new Girls' Softball field" on the current location of the JV/freshman baseball field, but oriented in the same direction as the then-existing JV/Freshman field. (Def.'s Sep. State. For Relief, p.6:24–26.) In addition to being able to complete the necessary renovations by the start of the 2008 season, the District argued that its proposal would reduce the fiscal impact, thereby allowing the District to continue with plans to construct additional new facilities, including a softball/soccer complex.

Based on the District's representations, on September 19, 2007, the Court ordered:

> By the start of the 2008 softball season, the District shall construct a dedicated girls' softball field on the current location of the boys' junior varsity/freshman baseball field. The field will be of the same quality and have all of the same amenities as the existing boys' varsity baseball field.

(Doc. No. 58.) After the February deadline passed, Plaintiffs filed the current ex parte motion contending that the District has not complied with the order to construct a softball field of the same quality and with all of the same amenities as the varsity baseball field.

Having reviewed the moving papers and the evidence submitted by the parties, the Court agrees with some of the Plaintiffs' claims. Accordingly, the Court **GRANTS IN-PART** and **DENIES-IN PART** the motion (Doc. No. 68), and **ORDERS** as follows:

1. The District shall build a new backstop that complies with the California Interscholastic Federation recommended distance of 25 feet between home

plate and the backstop. Consistent with the District's earlier representation[1], the backstop fencing shall be replaced and tightly secured. All safety hazards, such as protruding hardware, exposed wires and jagged edges from bent fencing and cut bolts shall be eliminated. In order to implement this renovation, the parties shall meet and confer by **April 4, 2008** regarding the time frame for completion. If the parties cannot agree on a time frame, by **April 9, 2008**, the parties shall file a two-page brief proposing deadlines to be set by the Court.

2. The District shall provide the girls' softball team with batting cages that are the same width, and include the same type of flooring as the boys' baseball team.

3. With regard to the quality of the dugouts, the outfield surface, the condition of the bullpens and the irrigation, the record demonstrates that they are of equal quality with the boys' facilities. Thus, Plaintiffs' request is denied with respect to these items.[2]

Plaintiffs' request to hold Defendants in contempt is **DENIED**.[3]

**IT IS SO ORDERED.**

DATED: March 26, 2008

_____
Hon. Thomas J. Whelan
United States District Judge

---

[1] In Defendants' Separate Proposal for Relief, the District represented that it would install "a new permanent fence around the *entire* perimeter of the field." (Doc. No. 50, at 6:27.)

[2] Based on the parties' papers, it appears that the following issues have been resolved: (1) installation of the remaining wind screen; (2) installation of additional bleachers; (3) dragging the infield; and (4) installation of a game-quality pitching plate.

[3] Plaintiffs raise numerous safety issues related to the Districts' renovations to the softball field. For example, Plaintiffs argue that the condition of the dugouts and outfield presents certain safety hazards. Nothing in this order should be construed as a decision by the Court regarding the validity of those claims.